# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JASON BEGLEY, *et al.*, **Plaintiffs**, v. Antonio Fullana-Morales, *et al.*, **Defendants**. | **Civil No.** 20-1486 (FAB) |

**Opinion and Order**[1]

BESOSA, District Judge.

Defendants Antonio Fullana-Morales, Alexandra Irizarry-Marichal, the conjugal partnership between them, José Fullana-Morales, Patricia Legrand-Gomez, and the conjugal partnership between them (collectively, "defendants") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 18.) For the reasons set forth below, the defendants' motion to dismiss is **GRANTED**.

## I. Background

This dispute arises from the defendants' alleged scheme to deprive plaintiffs Jason Begley and Adam Callen (collectively, "plaintiffs") of their interests in Caribbean Green, a medical cannabis company. Id. On June 7, 2016, the parties executed the Operating Agreement of Caribbean Green, LLC ("Operating

---

[1] Sarah Roman, a second-year student at Northwestern University School of Law, assisted in drafting this Opinion and Order.

Agreement"). (Docket No. 1 at p. 3.) Pursuant to this agreement, Begley and Callen acquired 17.5% and 25% of the company, respectively. Id. Antonio Fullana-Morales and José Fullana-Morales received 25% each. Id. The remaining 7.5% transferred to Rossel Rivera, a signatory to the agreement but not a party to this action. Id.

According to the plaintiffs, the defendants breached the Operating Agreement by forming "an 'empty shell' limited liability company and [merging] it with [Caribbean Green] in order to dilute [the] Plaintiffs' interest [and] remove them as members [of the company]." Id. They move for a declaratory judgment to nullify the merger and reinstate their interests in Caribbean Green. Id. at p. 5.

The defendants moved to dismiss the complaint, citing an arbitration clause in the Operating Agreement. Provisions 55 and 56 provide that:

> In the event of a dispute arising out of or in connection with this Agreement, the Members will attempt to resolve the dispute through friendly consultation.
>
> If the dispute is not resolved within a reasonable period then any or all outstanding issues may be submitted to mediation in accordance with any statutory rules of mediation. **If mediation is unavailable or not successful in resolving the entire dispute, any outstanding issues will be submitted to final and binding arbitration in accordance with the laws of the Commonwealth of Puerto Rico.** The arbitrator's award will be final, and judgment may be entered upon it by any court having jurisdiction within the Commonwealth of Puerto Rico.

(Docket No. 1, Ex. 3 at p. 11) (emphasis added).

The plaintiffs invoke the Court's diversity jurisdiction, setting forth a cause of action pursuant to Puerto Rico law without reference to provisions 55 and 56. (Docket No. 1.) Essentially, they seek to circumvent arbitration by requesting immediate judicial intervention.

According to the defendants, the Court lacks jurisdiction because the plaintiffs have not established that mediation is unavailable or unsuccessful. (Docket No. 18.) They move to dismiss the complaint pursuant to Rule 12(b)(1), and to compel arbitration. Id. The Court **grants** the motion to dismiss, but not on jurisdictional grounds.[2]

## II. Federal Rule of Civil Procedure 12(b)(6)

The First Circuit Court of Appeals has yet to address the appropriate standard for a motion to compel arbitration. See, Tissera v. NRT New Eng., 438 F. Supp. 3d 115, 121 (D. Mass. 2020) (noting that federal courts within the First Circuit analyze motions to compel arbitration pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), or 56). When it is apparent on the

---

[2] The defendants invoke Federal Rule of Civil Procedure 12(b)(1), asserting that the Court "has no subject-matter jurisdiction" because the parties have not engaged in mediation. (Docket No. 18 at p. 2.) This proposition sets forth an antiquated understanding of the Federal Arbitration Act, 9 U.S.C. sections 2 *et seq*. The First Circuit Court of Appeals has adopted the "modern view that arbitration agreements do not divest courts of jurisdiction, though they prevent courts from resolving the merits of arbitrable disputes." DiMercurio v. Sphere Drake, Ins. PLC, 202 F.3d 71, 77 (1st Cir. 2000). Accordingly, the Court construes the defendant's motion as one to dismiss pursuant to Rule 12(b)(6).

face of the complaint that certain claims are subject to arbitration, however, Federal Rule of Civil Procedure 12(b)(6) is applicable. See Nicosia v. Amazon.com., Inc., 834 F.3d 220, 231 (2d Cir. 2016); Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). If extrinsic evidence is required to determine whether certain claims are arbitrable, then summary judgment is the proper standard of review. Id., see Johnson & Johnson, Int'l v. P.R. Hosp. Supply, Inc., 258 F. Supp. 3d 255, 259 (D.P.R. 2017) (Besosa, J.).

The defendants cite provisions 55 and 56 of the Operating Agreement as the basis for dismissal. The complaint incorporates this document by reference and as an exhibit. See Beddall v. State St. Bank. & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (noting that when "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule(12)(b)(6)"). Accordingly, the standard associated with Rule 12(b)(6) governs the Court's analysis.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Courts

adopt a two-step approach when resolving a motion to dismiss. First, a court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Second, a court "take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 569 n.14).

### A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") establishes the validity and enforceability of written arbitration agreements. This statute provides that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congressional policy favors arbitration. 9 U.S.C. § 2; Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006).

Pursuant to the FAA, courts compel arbitration when the parties have signed a valid arbitration agreement governing the issues in dispute, removing the district courts' discretion over whether to compel arbitration or provide a judicial remedy to the parties. 9 U.S.C. § 4; Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). The existence of a valid arbitration agreement is based on the consent of the parties to arbitrate at least some of their claims and to forego a judicial remedy for those claims. McCarthy v. Azure, 22 F.3d 351, 354-55 (1st Cir. 1994) (internal citations omitted). Consequently, a party need not submit to arbitration any dispute it has not agreed to submit. AT&T Techs., Inc. v. Commc'ns. Workers of Am., 475 U.S. 643, 648 (1986) (quoting United Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574, 583 (1960)).

The First Circuit Court of Appeals has set forth four requirements for a court to compel arbitration: (1) a valid arbitration agreement must exist; (2) the moving party must be entitled to invoke the arbitration clause; (3) the other party must be bound by the clause; and (4) the claim must fall within the scope of the arbitration clause. InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003). The parties do not contest that there is a valid arbitration agreement between them. In fact, the plaintiffs and the defendants acknowledge that Provisions 55 and 56 are applicable. See Docket Nos. 18, 21 &

24. Accordingly, a valid arbitration clause exists between the parties.

## II. Discussion

The Operating Agreement precludes the plaintiffs from prosecuting the breach of contract and declaratory judgment claims before this Court. Provisions 55 and 56 are unequivocal: the parties must first attempt to resolve disputes arising in connection with the contract through mediation. (Docket No. 1, Ex. 3 at p. 11.) The merger and purported scheme to remove the plaintiffs from Caribbean Green pertains to the Operating Agreement, triggering the arbitration clause. Arbitration is conditioned, however, on the unavailability or failure of mediation. The parties have not satisfied this condition precedent. Accordingly, dismissal is warranted.[3]

An *ad hoc* attempt to negotiate a settlement is not mediation. On February 3, 2020, the plaintiffs mailed a letter to the defendants. This correspondence cited provisions 55 and 56 in a

---

[3] "Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the lawsuit, if all claims assert in the case are found arbitrable." Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010) (citing 9 U.S.C. § 3). A stay is inappropriate in this action, however, because failure to satisfy the mediation prerequisite renders the FAA inapplicable. See Him Portland v. Devito Builders, 317 F.3d 41, 44 (1st Cir. 2003) ("Where contracting parties condition an arbitration agreement upon the satisfaction of some condition precedent, the failure to satisfy the specified condition will preclude the parties from compelling arbitration and staying proceedings under the FAA."); Kemiron Atl., Inc. v. Aquakem Int'l, Inc., 290 F.3d 1287, 1291 (11th Cir. 2002) ("Because neither party requested mediation, the arbitration provision has not been activated and the FAA does not apply.").

perfunctory manner, stating that the plaintiffs "demand [from the defendants] the sum of $4,000,000.00 in order to settle their claims" pursuant to the "dispute resolution" clause. (Docket No. 24, Ex. 1 at p. 1.) The defendants responded, maintaining that:

> The procedure for dispute resolution referred to in [provision 56] of the Operating Agreement does not apply to the facts of this case. As explained, in the present case there is no 'dispute arising out of or in connection' with the Operating Agreement. In the present case, there is not prohibition in the Operating Agreement that prevents a majority owner of an LLC to consume a cash-out merger by written consent in lieu of a meeting and without prior notice to the minority members.

(Docket No. 21, Ex. 1 at p. 3.) This exchange is a prelitigation posture, not a valid attempt to mediate.

The defendants attempt to accelerate arbitration, alleging that the plaintiffs waived mediation by: (1) commencing this action in the United States District Court for the District of Puerto Rico; and (2) failing to directly object to arbitrate in their response. (Docket No. 18 at p. 7; Docket No. 24 at pp. 7-8). Both arguments are unavailing.

This Court possesses the discretion to determine whether the plaintiffs have waived condition precedents in the arbitration context. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 12 (1st Cir. 2005); In re Crysen/Montenay Energy Co., 226 F.3d 160, 163 (2d Cir. 2000). "As federal policy strongly favors arbitration of disputes, a [w]aiver is not to be lightly inferred, thus reasonable doubts ... should be resolved in favor of arbitration." In Re

Tyco Int'l Ltd. Sec. Litig., 422 F.3d 41, 44 (1st Cir. 2005) (quotation omitted). Ultimately, there is no "bright line" rule for waiver. In re Crysen/Montenay Energy Co., 226 F.3d at 163 (2d Cir. 2000). The act of filing an action in federal court does not, without more, constitute a waiver. See Baker v. Securitas Sec. Servs. USA, Inc., 432 F. Supp. 2d 120 (D. Me. 2006) (citing Maine Sch. Admin. Dist. No. 68 v. Johnson Controls, Inc., 222 F. Supp. 2d 50 (D. Me. 2002).

The Court need not speculate what the plaintiffs intended to convey by filing the complaint. The response to the motion to dismiss provides explicitly that the plaintiffs are "willing to engage in a voluntary mediation in Federal Court pursuant to Local Rule 83J if an agreement to do so is reached with the Defendants." (Docket No. 21 at p. 6.) Accordingly, the plaintiffs have not waived the mediation.

### III. Conclusion

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED**. (Docket No. 18.) The complaint is **DISMISSED**

**WITHOUT PREJUDICE**.  Judgment shall be entered accordingly.

    **IT IS SO ORDERED.**

San Juan, Puerto Rico, June 23, 2021.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE